[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-10559
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 20, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00392-CR-T-23-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE REINA-SALAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(September 20, 2007)**

Before ANDERSON,  BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

Jose Reina-Salas appeals the 135-month sentences imposed following his guilty plea to conspiring to possess and possession with intent to distribute five or more kilograms of cocaine while aboard a vessel subject to United States jurisdiction, in violation of 46 App. U.S.C. §§ 1903(a), (g), (j),[1] 21 U.S.C. § 960(b)(1)(B)(ii). Because Reina-Salas was held responsible only for the quantity of drugs with which he was personally involved and failed to show that he was less culpable than other identifiable participants, the district court did not clearly err in determining that he did not play a minor or minimal role in the offense. Further, because the imposition of Reina-Salas's sentence reflected consideration of many of the 18 U.S.C. § 3553(a) factors, Reina-Salas has not shown that his sentence at the low end of the guidelines range was procedurally or substantively unreasonable. Accordingly, we AFFIRM.

## I. BACKGROUND

Reina-Salas was indicted on and pled guilty to one count of conspiracy to possess with the intent to distribute five kilograms or more of a mixture containing cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 App. U.S.C. §§ 1903(a), (g), (j), and 21 U.S.C. § 960(b)(1)(B)(ii),

---

[1] The appendix to Title 46 containing the subject provisions was repealed effective 6 October 2006, and reenacted as 46 U.S.C. §§ 70503, 70506, with no relevant changes. See Pub. L. No. 109-134, 120 Stat. 1485.

and one count of possession with the intent to distribute five kilograms or more of a mixture containing cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 App. U.S.C. §§ 1903(a), (g), and 21 U.S.C. § 960(b)(1)(B)(ii). According to the presentence investigation report ("PSI"), Reina-Salas and codefendants Lino Jaime Holguin-Mero, Ronald Armando Lutin-Solis, Bernardo Reina-Salas, and Jimmy Riasgos were manning a go-fast boat carrying 589 kilograms of cocaine when the boat was intercepted by the United States Coast Guard cutter Boutwell. When confronted by the Boutwell, the defendants began throwing bales of cocaine into the water and refused to comply with orders to stop. Ultimately, the Boutwell employed its .50 caliber machine guns to disable the go-fast boat's engines. Holguin-Mero was the captain of the vessel and Lutin-Solis was the drug representative. Jose Reina-Salas and the other two defendants were crew members.

In the PSI, the probation officer recommended a base offense level of 38, U.S.S.G. § 2D1.1(c)(1), a two-level safety-valve reduction, U.S.S.G. § 2D1.1(b)(9), and a three-level acceptance of responsibility reduction, U.S.S.G. §§ 3E1.1(a), (b), for a total offense level of 33. The recommended guidelines range was 135-168 months' imprisonment, with a statutory maximum of life imprisonment. Reina-Salas objected to the PSI's failure to assess a mitigating-role

3

reduction, and the probation officer responded that Reina-Salas was not so entitled because he played a vital role in the conspiracy and was held accountable only for the drugs related to this particular venture.

At sentencing, Reina-Salas argued that he should receive a mitigating-role reduction because he was only a courier who served no real purpose other than to assist in moving drugs. He asserted that the lowest-level role should be taken as the starting point. Reina-Salas contended that many other similarly situated defendants had received sentences lower than the PSI's recommended range. He also argued for a guidelines departure based on his financial situation and the difficulties his family experienced in Colombia. The government responded that Reina-Salas should not receive a mitigating-role reduction because he was being held responsible only for the drugs aboard his vessel, the quantity of cocaine involved was so great, and he was as culpable as the other persons on the go-fast boat. The district court found that Reina-Salas bore the burden of proving that he was substantially less culpable than the average participant and that he had failed to do so. The district court noted that the quantity of drugs could itself be determinative in this type of case. The district court stated that it considered sentences in similar cases involving "these ton quantity transports of cocaine" to be "remarkably consistent." R3 at 10-11. The district court stated,

4

Some defendants cooperate; some don't. Some have reasons to have their role adjusted upward . . . and some don't. From time to time for reasons that are not typical to the cases, but assessed on a case to case basis by the presiding judge, some atypical allowance will be made for cooperation, frankly, often due to threats and other complicating factors involving the defendant or the defendant's family.

I would note that in the determination of the parity that is achieved in sentencing that sentencing differences which are attributable to proper guideline calculations or proper departures are not "disparities" . . . .

Id. at 11.

Reina-Salas then argued for a below-guidelines sentence, asserting that similar defendants had received such sentences. He also contended that defendants in his situation rarely received credit (in the form of a Fed. R. Crim. P. 35 motion) for later cooperation leading to the extradition of other conspirators.

The district court sentenced Reina-Salas to a term of imprisonment of 135 months on both counts to run concurrently. The district court stated that it had considered the 18 U.S.C. § 3553(a) factors, the guidelines, and published policies, and found that the sentence imposed was sufficient, but not greater than necessary, to achieve the statutory purposes of sentencing. Reina-Salas objected that the sentence was unreasonable because "the guidelines calculation is not reasonable." R3 at 17-18. The district court stated that it considered the sentence reasonable at that

5

the overwhelming majority of these ton quantity conveyors of high purity cocaine into the United States are sentenced at or about – at 135 months as a matter of fact. Most of them varying from that only as a result of cooperation with the United States in a resulting [§] 5K1 or [] some determination with respect to their individual activities while on the vessel.

Id. at 18.

## II. **DISCUSSION**

Reina-Salas argues that the district court clearly erred in denying him a mitigating-role reduction because he "was merely a courier," his "sole task was to be on the boat which contained the cargo," he had no role in planning the trip, and others were involved with the drugs who had superior roles in the conspiracy. Appellant's brief at 8-9. He asserts that, in contravention of United States v. Rodriguez De Varon, 175 F.3d 930 (11th Cir. 1999) (en banc), the district court considered neither his role as compared to others in the vessel nor the fact that he had no role in planning the conspiracy. Reina-Salas contends that the district court failed to "reconcile" his sentence with those of similarly situated defendants who received minor-role reductions. Appellant's brief at 9-10. He further argues that the lowest-level role should be the starting point for this analysis, and that it violates § 3553(b)(1) to require the defendant to disprove the "aggravating" factor of having no role adjustment apply. Id. at 11. Reina-Salas also asserts that we should follow United States v. Dorvil, 784 F.Supp. 849 (S.D. Fla. 1991), in which

6

the district court found that the crewmen on a vessel importing cocaine were not crucial to the conspiracy and granted four-level mitigating-role reductions to them.

"We review the district court's application and interpretation of the Sentencing Guidelines de novo and its factual findings for clear error." United States v. Smith, 480 F.3d 1277, 1278 (11th Cir.), petition for cert. filed, (U.S. June 14, 2007) (No. 06-11901). The district court's determination of a defendant's role in the offense is a factual determination that we review for clear error. Rodriguez De Varon, 175 F.3d at 937.

A defendant who is "plainly among the least culpable of those involved in the conduct of a group," and who has a "lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others" is entitled to a four-level reduction for his minimal role. U.S.S.G. § 3B1.2(a), comment. (n.4). A defendant "who is less culpable than most other participants, but whose role could not be described as minimal" is entitled to a two-level reduction for his minor role. U.S.S.G. § 3B1.2(b), comment. (n.5). The defendant bears the burden of proving a mitigating role in the offense by a preponderance of the evidence. Rodriguez De Varon, 175 F.3d at 939.

The district court performs a two-prong test in making a mitigating-role determination. Id. at 940-45. "First and foremost, the district court must measure

7

the defendant's role against the relevant conduct for which [he] has been held accountable." Id. at 940. "[W]here the relevant conduct attributed to a defendant is identical to [his] actual conduct, [he] cannot prove that [he] is entitled to a minor role adjustment simply by pointing to some broader criminal scheme in which [he] was a minor participant but for which [he] was not held accountable." Id. at 941. "[W]hen a drug courier's relevant conduct is limited to [his] own act of importation, a district court may legitimately conclude that the courier played an important or essential role in the importation of those drugs." Id. at 942-43. In addition, the quantity of drugs involved "is a material consideration in assessing a defendant's role in [his] relevant conduct." Id. at 943. In an extreme case, the quantity of drugs in a courier's possession may be dispositive in and of itself. Id.

In the second prong, the district court may compare the defendant's conduct to that of the other participants in the conduct for which the defendant was held accountable. Id. at 944. In making this comparison, the district court should consider other participants only to the extent that they are identifiable or discernable from the evidence. Id. Additionally, the district court may only "consider[] those participants who were involved in the relevant conduct attributed to the defendant. The conduct of participants in any larger criminal conspiracy is irrelevant." Id. Even if a defendant can show that his role was less than that of

8

other participants, this "may not be dispositive of role in the offense, since it is possible that none are minor or minimal participants." Id.

"In making the ultimate determination of the defendant's role in the offense, the sentencing judge has no duty to make any specific subsidiary factual findings. So long as the district court's decision is supported by the record and the court clearly resolves any disputed factual issues, a simple statement of the district court's conclusion is sufficient." Id. at 939 (citation omitted, emphasis in original); see id. at 939-40.

The district court did not clearly err in determining that Reina-Salas did not play a minor or minimal role in the drug-trafficking conspiracy. As Reina-Salas was a drug courier who was only held responsible for the drugs with which he was personally involved, the record supports the district court's conclusion that he played an essential role in the trafficking of those drugs, see Rodriguez De Varon, 175 F.3d at 942-43. The district court also permissibly considered as a significant factor the large quantity of cocaine that Reina-Salas was personally responsible for. See id. at 943; With regards to the second prong of the Rodriguez De Varon analysis, the district court properly found that Reina-Salas did not show that he was substantially less culpable than the average participant. Reina-Salas presented no evidence as to how his role was different from that of his fellow crewmen, and

9

the conduct of participants in any larger conspiracy was irrelevant, see Rodriguez De Varon, 175 F.3d at 944.

Further, Reina-Salas's argument that the district court failed to expressly discuss his lack of involvement in the planning of the operation or expressly compare his role to that of his fellow crewmen is misplaced. Because there were no disputed factual issues and the district court's ultimate conclusion was supported in the record, the district court was not required to expressly address subsidiary factual issues. See id. at 939-40. Likewise, his contention that the district court erred in placing the burden of proof on him is to no avail, as the defendant has the burden of proving that he qualifies for a mitigating-role reduction. See id. at 939. Finally, whether or not other defendants may have received mitigating-role reductions in other cases is irrelevant to determining whether the district court clearly erred in its factual finding that Reina-Salas did not have a mitigating role in this case. See United States v. Aguirre, 204 Fed. Appx. 796, 798 (11th Cir. 2006) ("We fail to see how findings as to defendants' roles in a fifteen-year-old case from the Southern District of Florida [Dorvil]—or even in more recent cases from the Middle District of Florida—have any bearing on the propriety of a finding in [this] case.") Thus, the sentencing court did not err in granting a reduction in sentence for his role in the criminal activity.

10

Reina-Salas also argues that his sentence was unreasonable because he is responsible for family members, who live in poverty, he will be deported after his term of imprisonment is completed, he "joined the conspiracy to support his family, not to carry drugs," and his family will not be cared for by the Colombian government while he is in prison. Appellant's Brief at 13. He asserts that the district court did not consider (1) that the Colombian government does not have adequate medical and economic support systems to deal with his family's financial situation; and (2) that recidivism was very unlikely. Reina-Salas contends that a sentence below the guideline range would have been sufficient to comply with the statutory purposes of sentencing. He further argues that there is an unwarranted sentencing disparity between himself and other defendants who have received minor-role reductions and below-guidelines sentences.

We, pursuant to the Supreme Court's instructions in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), review a district court's sentence, imposed after consulting the guidelines and factors set forth in § 3553(a), for reasonableness. United States v. Williams, 435 F.3d 1350, 1353 (11th Cir. 2006). "After Booker, a sentence may be reviewed for procedural or substantive unreasonableness. A sentence may be unreasonable if it is the product of a procedure that does not follow Booker's requirements, regardless of the actual

11

sentence. Additionally, a sentence may be substantively unreasonable, regardless of the procedure used." United States v. Hunt, 459 F.3d 1180, 1182 n.3 (11th Cir. 2006). A defendant challenging his sentence bears the burden of establishing that it is unreasonable. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam).

> The factors the district court should consider include
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

Id. at 786; see 18 U.S.C. § 3553(a). The weight to be accorded any given statutory factor is a matter committed to the sound discretion of the district court. United States v. Williams, 456 F.3d 1353, 1363 (11th Cir. 2006), cert. dismissed, ___ U.S. ___, 127 S. Ct. 3040 ( 2007).

The district court is not required "to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). It is sufficient that the district court consider the defendant's arguments at sentencing

and state that it has considered the § 3553(a) factors. Id. at 1330; Talley, 431 F.3d at 786. Further, the district court need not even explicitly articulate that it has considered the § 3553(a) factors, so long as the record reflects that the § 3553(a) factors were, in fact considered. See United States v. Dorman, 488 F.3d 936, 938, 944 (11th Cir. 2007).

The Supreme Court has held that, in reviewing sentences for reasonableness under § 3553(a), a federal appellate court may apply a presumption of reasonableness to a district court sentence imposed within the guideline range. Rita v. United States, ___U.S.___, ___, 127 S. Ct. 2456, 2462 ( 2007). Nevertheless, we have declined to adopt such a presumption. See Hunt, 459 F.3d at 1184-85. Instead, a within-range sentence may ordinarily be expected to be reasonable, but it is not reasonable per se.[2] Talley, 431 F.3d at 786-88.

Reina-Salas has not met his burden of showing that his sentence was procedurally or substantively unreasonable. The district court heard Reina-Salas's arguments about sentencing disparities and the financial condition of his family,

---

[2] Notably, the presumption of reasonableness in Rita reflects our recognition that the Sentencing Commission's work with the guidelines is based upon congressional directive to write the guidelines to comply with the goals in § 3553(a). Compare Rita, ___U.S. at ___, 127 S. Ct. at 2463-65 (based on the Commission's work, "in the mine run of cases, it is probable that the sentence is reasonable"), with Talley, 431 F.3d at 787-88 (noting that the Commission's work furthers congressional preference to avoid excessive sentencing disparities while maintaining flexibility where necessary) and Hunt, 459 F.3d at 1184 (noting that many reasons exist to follow the guidelines in a particular case, including that the Commission has been instructed to consider the 3553(a) factors).

and expressly stated that it had considered the § 3553(a) factors, which include the characteristics of the defendant, the possibility of recidivism, and the need to avoid unwarranted sentencing disparities, see 18 U.S.C. §§ 3553(a)(1), (a)(2)(C), (a)(6). The district court also explicitly considered the guidelines, the published policies of the United States Sentencing Commission, the typical sentences given to defendants involved in ton-quantity drug trafficking operations, and the quantity of drugs involved. R3 at 17-19; 18 U.S.C. § 3553(a)(1), (a)(4), (a)(5), (a)(6). Additionally, Reina-Salas's sentence of 135 months in prison was at the low end of the guidelines range and well below the statutory maximum of life imprisonment. 21 U.S.C. § 960(b)(1); Talley, 431 F.3d at 788 (stating that we ordinarily expect a sentence in the guidelines range to be reasonable). Accordingly, Reina-Salas's sentence was reasonable.

### III. CONCLUSION

Reina-Salas challenges his sentence as unreasonable and contends the district court erred in failing to conclude that he played a minor or minimal role in the offense. After careful review of the record and for the reasons stated above, we **AFFIRM.**